**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BARTLETT FAMILY REAL ESTATE  )
FUND, LLC, et al.,  )
)
  Plaintiffs,  )
)
v.  )
)  Case No. 13-2120-CM-JPO
ROBERT D. REGNIER, et al.,  )
)
  Defendants.  )

## MEMORANDUM AND ORDER

This matter is before the court on defendant The Zurich Services Corporation, d/b/a Zurich American Insurance Company ("Zurich")'s motion to dismiss for failure to state a claim (Doc. 30). For the reasons stated below, the court grants defendant Zurich's motion.

**I.  Background**

In its fifty-count complaint, plaintiffs include a third-party beneficiary claim against defendant Zurich. Plaintiffs allege that they are entitled to recover under an insurance policy ("Policy") issued to Blue Valley Ban Corp. ("Blue Valley") by Zurich[1]. Plaintiffs argue that they are third-party beneficiaries of this Policy. Plaintiffs contend that Blue Valley's alleged wrongful conduct, including the alleged rendering or failure to render financial and investment advice to plaintiffs, allows plaintiffs to recover under the Policy. Plaintiffs reference and quote portions of the Policy in their complaint;

---

[1] It is unclear whether plaintiffs allege that all plaintiffs are third-party beneficiaries under the policy, or only plaintiffs Ernest J. Straub, III; Richard A. Bartlett; and Foxfield Villa Associates, LLC. Plaintiffs' complaint includes paragraphs susceptible of both interpretations. (*See, e.g.*, Doc. 1 at 237, ¶1135; 245, ¶1172.) And the parties' briefs do not make this clear. The court takes no position on this point. However, for the sake of clarity, this order refers generally to plaintiffs regarding the third-party beneficiary claim.

-1-

however, they did not attach a copy of the Policy to their complaint. Defendant Zurich filed an authentic copy of the Zurich Policy as Exhibit 1 to the Schuletheis Affidavit filed in support of its motion. Plaintiffs have not disputed the authenticity of the copy of the Policy attached by defendant Zurich.

**II.     Legal Standard**

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (citation omitted).

"A court may 'consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Tilley v. Maier*, 495 F. App'x 925, 927 (10th Cir. 2012) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Further, "if a plaintiff does not incorporate by reference or attach a document to its complaint,

but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted).

### III. Discussion

The court considers the Policy attached by defendant Zurich because plaintiffs refer to the Policy in their complaint and it is central to plaintiffs' third-party beneficiary claim against defendant Zurich. In addition, plaintiffs have not disputed the authenticity of the copy of the Policy. Plaintiffs claim that the following language in the "Broker Services Liability" provision of the Policy shows an express intention that they are third-party beneficiaries to the Policy and are thus entitled to recover under the Policy:

> The Insurer shall pay on behalf of the Insureds all Loss for which the Insureds become <u>legally obligated to pay</u> on account of a Claim for a Wrongful Act in connection with the rendering of or failure to render Broker Services.

(Doc. 32-2 at 51, Section I.B (emphasis added).) The Policy defines "Loss" as the "total amount the Insureds become legally liable to pay on account of Claims made against them for Wrongful Acts for which coverage applies, including, but not limited to, damages . . . judgments, any award of pre-judgment and post-judgment interest . . . settlements, . . . and civil money penalties assessed against an Insured Person . . . ." (*Id*. at 52, Section II.D.) The parties dispute whether the "legally obligated to pay" language requires a determination of liability before plaintiffs may bring suit against defendant Zurich.

Contract interpretation, including interpretation of an insurance policy, is a question of law. *See AMCO Ins. Co. v. Beck*, 929 P.2d 162, 165 (Kan. 1996). Unless the parties indicate otherwise, under Kansas law, terms in an insurance contract are to be given their ordinary meaning. *Hartford Fire Ins. Co. v. Vita Craft Corp.*, 911 F. Supp. 2d 1164, 1176 (D. Kan.

2012) (citing *Pink Cadillac Bar & Grill, Inc. v. U.S. Fid. & Guar. Co.*, 925 P.2d 452, 456 (Kan. Ct. App. 1996)). If an insurance policy is unambiguous, the court enforces the policy as written. *Id*. In determining whether an ambiguity exists, the court looks not at what the insurer intended the language to mean, but what a reasonably prudent insured would understand the language to mean. *Id*.

The majority of the briefing by both parties focuses on whether Kansas law allows direct actions against insurers prior to a determination of liability against an insured.[2] The court does not reach this issue because the language of the Policy is dispositive. Here, the plain language of the Policy states that the Insurer (defendant Zurich) shall pay on behalf of the Insureds (defendant Blue Valley) all loss for which defendant Blue Valley becomes "legally obligated to pay." The phrase "legally obligated to pay" is undefined in the Policy. Based on the plain meaning of the phrase "legally obligated to pay," the court finds that some determination of liability is required against defendant Blue Valley before plaintiffs can bring suit against defendant Zurich. *See Aks v. Southgate Trust Co.*, 844 F. Supp. 650, 656 (D. Kan. 1994) (analyzing a similar definition of "Loss," and finding that the term "legally obligated to pay" encompasses a duty to pay settlements and judgments).

In addition, the Policy's definition of "Loss" also uses the "legally obligated to pay" language and describes "damages," "judgments," "pre-judgment and post-judgment interest," "settlements," and "civil money penalties" as types of Loss for which the Insurer shall pay on behalf of the Insured. (Doc. 32-2 at 52, Section II.D.) These terms also indicate that some

---

[2] Defendant Zurich argues that absent a statute or insurance provision authorizing direct actions, Kansas law prohibits direct actions against insurers before a determination of liability against an insured. Plaintiffs' response argues that there is no *per se* rule against third-party beneficiary claims brought against insurers. Defendant Zurich agrees there is no *per se* rule, and clarifies its position that Kansas law prohibits direct actions by third party beneficiaries against an insurer *before liability has been determined*.

determination of liability against defendant Blue Valley must be made before defendant Zurich must pay on behalf of defendant Blue Valley.

Plaintiffs argue that because the Broker Services Liability portion of the Policy defines "Claim" to include "a written demand . . . for monetary damages" that filing suit alone is enough to trigger defendant Zurich's duty to pay. (Doc. 32-2 at 51, Section II.A.) Plaintiffs also argue that defendant Zurich incurred a "legal obligation" to pay plaintiffs when the Insureds allegedly rendered and failed to render financial and investment advice to plaintiffs. However, the Broker Services Liability provision states that the Insurer will pay "all Loss for which the Insureds become legally obligated to pay <u>on account of a Claim</u>." (*Id*. at 51, Section I.B (emphasis added).) The Policy does not state that the Insurer will pay for all Claims without any Loss. And because "Loss" is defined to include "damages," "judgments," "settlements" and similar terms, the simple filing of a lawsuit—or rendering/non-rendering of financial and investment advice—does not trigger a legal obligation to pay under the Policy.

Further, plaintiffs cite cases holding that a <u>judgment</u> is not necessary to determine an insured is "legally obligated to pay." *See, e.g.*, *Potomac Ins. of Ill. v. Huang*, No. 00-4013-JPO, 2002 WL 418008, at *10 (D. Kan. Mar. 1, 2002) (finding that a settlement was a sufficient determination of liability to establish a "legal obligation to pay"). Defendant Zurich does not argue that a judgment is required. But it does argue that a settlement or some other determination of liability is required to trigger defendant Zurich's duty. Based on the plain language of the Policy, this court agrees.[3]

---

[3] Although plaintiffs' response to defendant Zurich's motion focuses on multiple provisions of coverage under the Policy, plaintiffs' complaint cites only the "Broker Services Liability" clause. Therefore, defendant Zurich's motion to dismiss addressed only that clause. Plaintiffs' response argues that their general allegation in their complaint regarding "provisions within the Policy" indicates that they have claims under multiple provisions of the Policy, despite their specific reference only to the "Broker Services Liability" provision. The court will address only claims raised in the complaint, and thus only addresses the "Broker Services Liability" provision. Regardless, the same "legally obligated to pay" language is at issue.

Before a determination of liability, defendant Blue Valley has no legal obligation to pay plaintiffs. As such, plaintiffs have no claim against defendant Zurich before a determination of liability is made against defendant Blue Valley. Therefore, plaintiffs have failed to state a claim against defendant Zurich. Defendant Zurich's motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that Defendant Zurich's Motion to Dismiss (Doc. 30) is granted.

Dated this   9th   day of August, 2013, at Kansas City, Kansas.

                                    s/ Carlos Murguia
                                    **CARLOS MURGUIA**
                                    **United States District Judge**